### The Town of Sublette, Appellee, v. The Town of Reynolds, Appellant.

Gen. No. 8,693.

Opinion filed January 19, 1934.

Henry C. Warner, for appellant.

Edward A. Jones, for appellee.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

This is an appeal by the Town of Reynolds from a judgment in favor of the Town of Sublette in the amount of $398.25, together with costs of suit, for expenses incurred by the plaintiff in connection with the care of Walter McNinch, a pauper.

During the year of 1930 and until June, 1931, Walter McNinch and his three children lived with his mother-in-law on what is commonly called the Schinzer farm in Reynolds township in Lee county. He became afflicted with tuberculosis, and after due medical examination in June, 1931, was taken to the tuberculosis sanatorium at Ottawa, Illinois. He was taken there by his parents on the suggestion of the supervisor of Reynolds township. Walter McNinch's parents at that time were residents of Sublette township.

In April, 1932, Walter McNinch was reported cured and was discharged from the Ottawa hospital at which time William Sandrock, the supervisor of Reynolds township, met him in Ottawa and took him to the home of McNinch's parents in Sublette township. Subsequently Charles J. Keubel, supervisor of Sublette township sent Walter McNinch to the Amboy hospital. In April, 1932, notice was served on the clerk of Reynolds township that the said Walter McNinch had

become chargeable as a pauper in Sublette township and demanded his removal by Reynolds township; that Sublette township would look to Reynolds township for a reimbursement of all expenditures by the former in connection with the care of said Walter McNinch.

Upon denial of any liability of the Town of Reynolds, suit was started before a justice of the peace by the Town of Sublette against the Town of Reynolds and a judgment was entered in favor of the Town of Sublette in the amount of $120 and costs, for the care and support of said Walter McNinch, a pauper. The case was appealed to the circuit court of Lee county and a trial *de novo* was had without a jury. Judgment was rendered for the Town of Sublette in the amount of $398.25, together with costs, from which judgment this appeal is taken.

This suit was brought under section 16 of the Paupers Act, Cahill's Rev. St. ch. 107, ¶ 16, which provides as follows: "If any person shall become chargeable as a pauper in any county or town, who did not reside therein at the commencement of twelve months immediately preceding his becoming so chargeable, but did, at that time, reside in some other county or town in this State, it shall be the duty of the county or town clerk, as the case may be, to send written notice, by mail or otherwise, to the county clerk of the county in which the pauper so resided, or if he then resided in a town supporting its own poor, to the town clerk of such town, requesting the proper authorities of such county or town to remove said pauper forthwith, and to pay the expenses accrued and to accrue in taking care of the same; and such county or town, as the case may be, where such pauper resided at the commencement of the twelve months immediately preceding such person becoming chargeable as a pauper, shall pay to the county or town so taking care of such pauper, all reasonable charges for the

same, and such amount may be recovered by suit in any court of competent jurisdiction.''

Edward McNinch, father of Walter McNinch, testified that Walter lived in Reynolds township for two or three years; that with his consent Walter was removed from Reynolds township to the sanatorium at Ottawa, from which he was taken by Mr. Sandrock, the supervisor of the Town of Reynolds, and brought to the father's home in Sublette township; that at the time Mr. Sandrock brought Walter home from Ottawa, he said to the father that he thought he would make Mr. Keubel sore. Mr. Keubel was then the supervisor of Sublette township.

Mrs. Elsie McNinch, the mother of Walter McNinch, testified that Walter had lived in Reynolds township from 1929 until 1931, when he was taken to the Ottawa sanatorium; that Walter remained in the hospital for quite a length of time, and was brought to her home in Sublette township by Mr. Sandrock; that Walter remained at their home for two weeks, and was then taken to the Amboy hospital.

Charles J. Keubel testified that he was the supervisor of Sublette township; that he knew Walter McNinch, and that McNinch lived in Reynolds township; that at one time McNinch had lived in Sublette township; that after he moved away from Sublette township to Reynolds township he did not see him again until he came back from the sanatorium; that a few days after McNinch came back from the sanatorium he made arrangements for his removal and he was taken to the Amboy hospital; that as supervisor he paid the bills for medical care and attention to Walter McNinch ($320 hospital bill, $73.95 doctor bill, and $5 dental bill), all paid by Sublette township; that the town clerk of Sublette township and he served notice upon the town clerk of Reynolds township that they would hold said township liable for the support of Walter McNinch, a pauper.

Ernest Theiss testified that he was the town clerk of Sublette township and served notice upon the town clerk of Reynolds township that Walter McNinch was a pauper and that Sublette township would hold Reynolds township liable for the support of the same. A copy of the notice was introduced in evidence and the plaintiff rested.

The defendant offered its evidence and called George Ackland as a witness. He testified that he was the town clerk of Reynolds township and had been for several years last past; that he had searched the records of said township and found no record of Walter J. McNinch having voted in said township for the past five years.

William Sandrock testified that he was supervisor of Reynolds township and had been for the past six years; that he had known Walter McNinch from the time he moved to said township; that he never had any conversation with him relative to his health; that he left Reynolds township in April, 1931, when he went to Ottawa to the hospital; that Walter McNinch had not lived in Reynolds township since April 6, 1931; that when Walter McNinch left the Ottawa hospital he said he wanted to go to Sublette township where his parents lived. On cross-examination Sandrock testified that he provided for the removal of Walter McNinch from Reynolds township to the sanatorium at Ottawa; that he, as supervisor, rendered Walter McNinch support before he left Ottawa and arranged for his children to be sent to an orphanage; that he gave him county aid as supervisor of Reynolds township; that McNinch came to him for county aid, and at that time the county was taking care of the poor.

Frank Schinzer testified that he lived in Bradford township, but owned a farm in Reynolds township; that he knew Walter McNinch and McNinch had lived on said farm; that McNinch at present is not living

on the Reynolds township farm; that he left said township in April, 1931.

From a review of this evidence it is plainly shown that when Walter McNinch was taken to the hospital at Ottawa he was a resident of Reynolds township, and at that time Reynolds township was liable for his support and maintenance as a pauper. This was clearly recognized by the supervisor of said township by giving McNinch aid when he made application to him for help. The question then arises: Can the Town of Reynolds shift its responsibility for the support of this pauper by a supervisor taking McNinch to the hospital at Ottawa, and then on his discharge from the hospital taking him over into another township and throw the burden of supporting a pauper on it?

In the case of *Town of Freeport v. The Board of Supervisors of Stephenson County,* 41 Ill. 495, 501, the question of the responsibility for the support of a pauper was involved and the court in that case held that because paupers were removed from their home to the county poor house, these persons did not lose their residence in the town they lived at the time they were removed to the poor house, nor do they gain a residence in the town in which the poor house was located; but remained a charge upon the town from which they were sent.

It is our opinion that the evidence shows that the said Walter McNinch is a pauper and that he is a resident of the Town of Reynolds; he being a pauper and a resident of that place, the Town of Reynolds cannot shift the responsibility of caring for him by taking and leaving him at the home of the parents in another township. We find no reversible error in the case and the judgment of the circuit court of Lee county is hereby affirmed.

*Judgment affirmed.*