## County of Richland, Appellee, v. Township of Decker, Appellant.

Opinion filed June 4, 1934.

JOHN LYNCH, for appellant.

OMER E. LEWIS, State's Attorney, for appellee; S. C. LEWIS, of counsel.

MR. JUSTICE MURPHY delivered the opinion of the court.

The county of Richland, appellee herein, recovered a judgment of $280 in the circuit court of said county against appellant, a township in said county, for the board, care and maintenance of Gus Hickle, a pauper. The claim covered a period of 80 weeks, beginning September 8, 1931.

Appellant contends that Hickle was a nonresident of the township and that under the provision of section 24, chapter 107, Cahill's Revised Statutes, ¶ 25, he is a county charge. Appellee brings its suit under section 16 of said act and contends that the evidence warrants the finding that Hickle was a resident of appellant township as the word resident is defined in section 17 of said act.

By section 15 of the Pauper Act as amended and in force July 1, 1931, in counties with a population of less than 500,000 and under township organization, the township is required to support all poor and indigent persons lawfully resident within such township.

Section 16 provides that if any person shall become chargeable as a pauper in any county or township who did not reside therein at the commencement of 12 months preceding his becoming so chargeable, but did, at that time, reside in some other county or town in this State, notice may be given to the county clerk of the county where he resided or if he resided in a town supporting its own poor, notice to the town clerk,

to remove the pauper and pay the expenses accrued and to accrue in the care of such person and if not paid to be followed by suit.

The word "residence" as used in the various sections of the act is defined in section 17. Section 17 in the present act is the same as section 15 of the act of 1845 and was construed by the Supreme Court in *Town of Dorr v. Town of Seneca,* 74 Ill. 101, where the court said: "The fifteenth section seems to have provided for three different conditions of residence. The first is where the pauper has a fixed, well-known, permanent place of abode. The second is where such person has no such abode, but has been employed by some one else; and the third is where the person has no fixed permanent place of abode nor has had any employment as specified, when the place the party made his or her home is regarded the place of residence, and the place where chargeable."

Section 24 provides that "When any non-resident or any person not coming within the definition of a pauper, of any county or town" shall become such, he shall be cared for by the town and the county shall reimburse the town for such expense. By these various statutory provisions, it is evident that the legislature intended that each township should provide and care for the pauper who had his residence in that township and that if a pauper who was a resident of a township should become a public charge while in another township, the township furnishing the aid would have the right of recovery against the township which was the residence of the pauper. Section 16 limits the right of action to expenses incurred in care of paupers who are residents of the State. By section 24, the word non-resident was evidently intended to be non-resident of the State.

The only evidence offered by appellee on the question of the residence of Hickle was Hickle's own testi-

mony. He testified that he was 65 years of age, born in West Virginia and came to Decker township when he was four or five years old; that he had not voted for 25 years, that about 1906 he went to Canada and from there to Florida; that when in Florida he separated from his wife and children and after that he was in various places; that about 1925 he came to the home of Herman Shands, a distant relative, who lived in Decker township; that in 1926 he was at Shands' six months and then went to Champaign county in this State to work, later returning to Shands' in said township. He testifies that in the years following 1926, he went away to work returning each time to Shands' home; that the only property he has is some clothes at Shands' and that Decker township had always been his home.

The only evidence offered by appellant as to the residence of Hickle was the testimony of W. D. Rule, the supervisor, and Thomas J. Brown, the town clerk. Their evidence was to the effect that Gus Hickle's name did not appear in the registration book of the township after 1900 and that the witnesses did not know of his being in the township at any time in the last four or five years and that he was not there in the winter of 1930.

It offered evidence tending to prove that Hickle became a naturalized citizen of the Dominion of Canada in 1906. The right of recovery in this case is not determined by the citizenship of the pauper but rather the question of his residence as defined by the Pauper Act. In *Payne v. Town of Dunham*, 29 Ill. 125, the court said: ''There is one principle which seems to be universal in the construction and application of poor laws, both in this country and England, and that is, that a person having a legal settlement in one place, that settlement continues until he acquires a legal settlement in another place in the State. Even

if he acquires a legal settlement in another place or country, that does not change his legal settlement here, so that if he returns to this State, and becomes a pauper before he has acquired a legal settlement elsewhere in this State, he is remitted to his first legal settlement.''

The supervisor of appellant township took Hickle to the county jail and from there he was taken to the county farm. Appellant could not shift the responsibility of caring for Hickle by unloading him at the county jail. *Town of Sublette v. Town of Reynolds,* 273 Ill. App. 260.

The judgment of the lower court is sustained by the evidence and the authorities and finding no reversible error in the record, the judgment of the lower court is affirmed.

*Affirmed.*